UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BROADCAST MUSIC, INC.; INTERIOR MUSIC )
CORP.; COMBINE MUSIC CORP.; ELIJAH BLUE )
MUSIC, a division of LIGHTHOUSE, INC.; )
UNICHAPPELL MUSIC, INC.; FREDERICK S. )
BIENSTOCK and HAMMERSTEIN MUSIC & )
THEATRE COMPANY, INC., a Connecticut )
partnership d/b/a EDWARD B. MARKS MUSIC )
COMPANY; FANTASY, INC. d/b/a JONDORA )
MUSIC; UNIVERSAL-SONGS OF POLYGRAM )
INTERNATIONAL INC.; SONY/ATV SONGS LLC )
d/b/a SONY/ATV ACUFF ROSE MUSIC; COBURN )
MUSIC, INC.; EMI BLACKWOOD MUSIC INC.; )
JASON L. ROSS, JASON KNOWLES POLLOCK, )
CASEY S. DANIEL and GURPRETT J. KHALS, a )
partnership d/b/a SEVEN MARY THREE )
MUSIC; TOBY KEITH COVEL, an individual )
d/b/a TOKECO TUNES, WACISSA RIVER )
MUSIC, INC.; CAREERS-BMG MUSIC )
PUBLISHING, INC.; MICHAEL BALZARY, )
JOHN ANTHONY FRUSCIANTE, ANTHONY )
KIEDIS and CHAD GAYLORD SMITH, a )
partnership d/b/a MOEBETOBLAME MUSIC; )
SONY/ATV SONGS d/b/a SONY/ATV TREE )
PUBLISHING; TAYLOR ALISON SWIFT, an )
individual d/b/a TAYLOR SWIFT MUSIC, )
 )
          Plaintiffs, )    CIVIL ACTION NO.:
 )
   v. )
 )
BOURBON STREET STATION, INC. d/b/a )
BOURBON STREET STATION and RAIF A. RICHA )
individually, )
 )
          Defendants. )
_____/

COMPLAINT

Plaintiffs, by and through their attorneys, for their Complaint against Defendants, allege as

follows:

## JURISDICTION AND VENUE

1. This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 et seq. (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. Section 1338(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

## THE PARTIES

3. Plaintiff, Broadcast Music, Inc. ("BMI"), is a corporation organized and existing under the laws of the State of New York. BMI's principal place of business is 320 West 57th Street, New York, New York 10019. BMI has been granted the right to license the public performance rights in approximately 6.5 million copyrighted musical compositions (the "BMI repertoire"), including those which are alleged herein to have been infringed.

4. The other Plaintiffs are the owners of the copyrights in the musical compositions which are the subject of this lawsuit. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5. Defendant Bourbon Street Station, Inc. is a corporation organized and existing under the laws of the state of Florida, which operates, maintains and controls an establishment known as Bourbon Street Station, located at 1770 St. Johns Bluff Road South, Jacksonville, Florida 32246, in this district (the "Establishment").

6. In connection with the operation of this business, Defendant Bourbon Street Station, Inc. publicly performs musical compositions and/or causes musical compositions to be publicly

performed.

7. Defendant Bourbon Street Station, Inc. has a direct financial interest in the Establishment.

8. Defendant Raif A. Richa is an officer of Defendant Bourbon Street Station, Inc. with primary responsibility for the operation and management of that corporation and the Establishment.

9. Defendant Raif A. Richa has the right and ability to supervise the activities of Defendant Bourbon Street Station, Inc. and a direct financial interest in that corporation and the Establishment.

## CLAIMS OF COPYRIGHT INFRINGEMENT

10. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 9.

11. Plaintiffs allege twelve (12) claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

12. Annexed as the Schedule and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants. The Schedule contains information on the twelve (12) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information: Line 1 providing the claim

number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the Registration number(s); Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

13. Each of the musical compositions identified on the Schedule, Line 2, were created by the persons named on Line 3 (all references to Lines are lines on the Schedule).

14. On or about the dates indicated on Line 5, the publishers named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the numbers listed on Line 6.

15. On the dates listed on Line 7, Plaintiff BMI was and still is the licensor of the public performance rights in the musical compositions identified on Line 2. On the dates listed on Line 7, the Plaintiffs listed on Line 4 were and still are the owners of the copyright in the respective musical composition listed on Line 2.

16. On the dates listed on Line 7, Defendants performed and/or caused the musical compositions identified on Line 2 to be publicly performed at the Establishment without a license or permission to do so. Thus, Defendants have committed copyright infringement.

17. The specific acts of copyright infringement alleged, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI repertoire at the

Establishment, Defendants threaten to continue committing copyright infringement. Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray that:

(I) Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

(II) Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. Section 504(c);

(III) Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. Section 505; and

(IV) That Plaintiffs have such other and further relief as is just and equitable.

Dated May 15, 2009

By: _____
Frank R. Jakes, FBN 372226
Zachary D. Messa, FBN 0513601
JOHNSON, POPE, BOKOR, RUPPEL
& BURNS, LLP
403 East Madison Street
Tampa, FL 33602
Telephone: 813-225-2500
E-mail: FrankJ@jpfirm.com
Attorney for Plaintiffs

# *Schedule*

| | | |
|---|---|---|
| Line 1 | Claim No. | 1 |
| Line 2 | Musical Composition | Ain't No Sunshine |
| Line 3 | Writer(s) | Bill Withers |
| Line 4 | Publisher Plaintiff(s) | Interior Music Corp. |
| Line 5 | Date(s) of Registration | 3/30/71   11/18/77 |
| Line 6 | Registration No(s). | Eu 243844   Ep 376752 |
| Line 7 | Date(s) of Infringement | 9/13/08   11/1/08 |
| Line 8 | Place of Infringement | Bourbon Street Station |

| | | |
|---|---|---|
| Line 1 | Claim No. | 2 |
| Line 2 | Musical Composition | Me And Bobby McGee |
| Line 3 | Writer(s) | Kris Kristofferson; Fred Foster |
| Line 4 | Publisher Plaintiff(s) | Combine Music Corp. |
| Line 5 | Date(s) of Registration | 7/18/69 |
| Line 6 | Registration No(s). | Ep 260746 |
| Line 7 | Date(s) of Infringement | 11/2/08 |
| Line 8 | Place of Infringement | Bourbon Street Station |

| | | |
|---|---|---|
| Line 1 | Claim No. | 3 |
| Line 2 | Musical Composition | Midnight Rider |
| Line 3 | Writer(s) | Gregory Allman a/k/a Gregory Lenoir Allman |
| Line 4 | Publisher Plaintiff(s) | Elijah Blue Music, a Division of Lighthouse, Inc.; Unichappell Music, Inc. |
| Line 5 | Date(s) of Registration | 11/5/70      6/5/74 |
| Line 6 | Registration No(s). | Eu 215520      Ep 329147 |
| Line 7 | Date(s) of Infringement | 11/1/08 |
| Line 8 | Place of Infringement | Bourbon Street Station |

| | | |
|---|---|---|
| Line 1 | Claim No. | 4 |
| Line 2 | Musical Composition | Paradise By The Dashboard Light |
| Line 3 | Writer(s) | James Steinman ak/a Jim Steinman |
| Line 4 | Publisher Plaintiff(s) | Frederick S. Bienstock and Hammerstein Music & Theatre Company, Inc., a Connecticut Partnership d/b/a Edward B. Marks Music Company |
| Line 5 | Date(s) of Registration | 5/13/77     9/18/78 |
| Line 6 | Registration No(s). | Eu 785460    PA 13-430 |
| Line 7 | Date(s) of Infringement | 11/2/08 |
| Line 8 | Place of Infringement | Bourbon Street Station |

| | | |
|---|---|---|
| Line 1 | Claim No. | 5 |
| Line 2 | Musical Composition | Proud Mary |
| Line 3 | Writer(s) | John C. Fogerty |
| Line 4 | Publisher Plaintiff(s) | Fantasy, Inc. d/b/a Jondora Music |
| Line 5 | Date(s) of Registration | 12/27/68     7/11/69 |
| Line 6 | Registration No(s). | Eu 91333      Ep 260526 |
| Line 7 | Date(s) of Infringement | 11/1/08 |
| Line 8 | Place of Infringement | Bourbon Street Station |

| | | |
|---|---|---|
| Line 1 | Claim No. | 6 |
| Line 2 | Musical Composition | Tiny Dancer |
| Line 3 | Writer(s) | Elton John; Bernie Taupin |
| Line 4 | Publisher Plaintiff(s) | Universal - Songs of Polygram International, Inc. |
| Line 5 | Date(s) of Registration | 10/7/71    12/10/71 |
| Line 6 | Registration No(s). | Eu 283994    Ep 293165 |
| Line 7 | Date(s) of Infringement | 9/13/08 |
| Line 8 | Place of Infringement | Bourbon Street Station |

| | | |
|---|---|---|
| Line 1 | Claim No. | 7 |
| Line 2 | Musical Composition | Watermelon Crawl |
| Line 3 | Writer(s) | Buddy Brock; Zack Turner |
| Line 4 | Publisher Plaintiff(s) | Sony/ATV Songs LLC d/b/a Sony/ATV Acuff Rose Music; Coburn Music, Inc. |
| Line 5 | Date(s) of Registration | 1/11/93 |
| Line 6 | Registration No(s). | PA 596-931 |
| Line 7 | Date(s) of Infringement | 9/13/08 |
| Line 8 | Place of Infringement | Bourbon Street Station |

| | | |
|---|---|---|
| Line 1 | Claim No. | 8 |
| Line 2 | Musical Composition | Cumbersome |
| Line 3 | Writer(s) | Jason Ross; Jason Pollock |
| Line 4 | Publisher Plaintiff(s) | EMI Blackwood Music Inc.; Jason L. Ross, Jason Knowles Pollock, Casey S. Daniel and Gurpreet J. Khals, a partnership d/b/a Seven Mary Three Music |
| Line 5 | Date(s) of Registration | 3/25/96 |
| Line 6 | Registration No(s). | PA 819-839 |
| Line 7 | Date(s) of Infringement | 11/2/08 |
| Line 8 | Place of Infringement | Bourbon Street Station |

| | | |
|---|---|---|
| Line 1 | Claim No. | 9 |
| Line 2 | Musical Composition | American Soldier |
| Line 3 | Writer(s) | Toby Keith Covel a/k/a Toby Keith; Marion C. Cannon Jr. a/k/a Chuck Cannon |
| Line 4 | Publisher Plaintiff(s) | Toby Keith Covel, an individual d/b/a Tokeco Tunes; Wacissa River Music, Inc. |
| Line 5 | Date(s) of Registration | 1/21/04    3/9/04 |
| Line 6 | Registration No(s). | PA 1-204-152    PA 192-844 |
| Line 7 | Date(s) of Infringement | 9/13/08 |
| Line 8 | Place of Infringement | Bourbon Street Station |

| | | |
|---|---|---|
| Line 1 | Claim No. | 10 |
| Line 2 | Musical Composition | Gypsys, Tramps And Thieves |
| Line 3 | Writer(s) | Robert Stone |
| Line 4 | Publisher Plaintiff(s) | Careers-BMG Music Publishing, Inc. |
| Line 5 | Date(s) of Registration | 8/6/71    12/21/71 |
| Line 6 | Registration No(s). | Ep 293637    Eu 271991 |
| Line 7 | Date(s) of Infringement | 9/13/08 |
| Line 8 | Place of Infringement | Bourbon Street Station |

| | | |
|---|---|---|
| Line 1 | Claim No. | 11 |
| Line 2 | Musical Composition | Snow Hey Oh |
| Line 3 | Writer(s) | Anthony Kiedis; Michael Balzary, Chad Smith; John Frusciante |
| Line 4 | Publisher Plaintiff(s) | Michael Balzary, John Anthony Frusciante, Anthony Kiedis and Chad Gaylord Smith, a partnership d/b/a Moebetoblame Music |
| Line 5 | Date(s) of Registration | 6/1/06 |
| Line 6 | Registration No(s). | PA 1-334-482 |
| Line 7 | Date(s) of Infringement | 9/13/08 |
| Line 8 | Place of Infringement | Bourbon Street Station |

| | | |
|---|---|---|
| Line 1 | Claim No. | 12 |
| Line 2 | Musical Composition | Should've Said No a/k/a You Should've Said So |
| Line 3 | Writer(s) | Taylor Swift |
| Line 4 | Publisher Plaintiff(s) | Sony/ATV Songs d/b/a Sony/ATV Tree Publishing; Taylor Alison Swift, an individual d/b/a Taylor Swift Music |
| Line 5 | Date(s) of Registration | 6/4/07 |
| Line 6 | Registration No(s). | PA 1-381-164 |
| Line 7 | Date(s) of Infringement | 9/13/08 |
| Line 8 | Place of Infringement | Bourbon Street Station |