UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Broadcast Music, Inc., et al.,

    Plaintiffs,

vs.                                           Case No. 3:09-cv-468-J-25MCR

Bourbon Street Station, Inc., et al.,

    Defendants.
_____/

# **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Motion to Compel (Doc. 16) filed December 7, 2009. Defendant Raif A. Richa's response to this Motion was due January 22, 2010. To date, no response has been filed. Accordingly, the Court will treat the Motion as though it was unopposed.[1]

## **I. BACKGROUND**

On October 14, 2009 and October 22, 209, Plaintiff served Defendant with Requests for Production of Documents and Interrogatories respectively. (Doc. 16-1). Defendant did not provide any responses. As such, Plaintiff asks the Court to enter an Order compelling Defendant to respond to the discovery requests.

---

[1] On December 30, 2009, this Court entered an Order granting defense counsel's Motion to Withdraw (Doc. 20) and giving Defendants, Bourban Street Station, Inc. and Raif A. Richa, until January 13, 2010 to secure alternative representation. (Doc. 23). When Defendants failed to obtain representation, this Court entered an Order informing *pro se* Defendant Raif A. Richa of some of the rules of this Court and directing him to file a response to Plaintiff Motion to Compel no later than January 22, 2010. (Doc. 26). Defendant was cautioned that failure to file a response would result in the Court treating the Motion to Compel as being unopposed. Id.

-1-

**II.    ANALYSIS**

Motions to compel disclosures and other discovery under Rule 37(a) are committed to the sound discretion of the trial court. Commercial Union Insurance Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984). The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party. See Westrope, 730 F.2d at 731.

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts. See United States v. Proctor & Gamble Co., 356 U.S. 677, 682, 78 S.Ct. 983, 986-87 (1958). Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention. Furthermore, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility." Middle District Discovery (2001) at 1.

As Defendant failed to file a response to the instant Motion, the Court must assume Defendant has not yet provided any responses to the discovery requests. Accordingly, the Court directs Defendant, Raif A. Richa, to provide responses to Plaintiff's discovery requests no later than **Tuesday, February 16, 2010.**

Fed. R. Civ. P. 37(a)(5)(A) provides that if a motion to compel discovery is granted, the Court must award the movant's reasonable expenses incurred in making the motion, including attorney's fees, except in certain enumerated circumstances. Accordingly, on or before **Tuesday, February 16, 2010**, Defendant, Raif A. Richa, shall

tender to counsel for Plaintiff the sum of $120.00, to compensate Plaintiff for the expenses incurred in bringing the instant motion to compel.

**Defendant is cautioned that failure to comply with this Order may result in sanctions, including the entry of default. See Fed. R. Civ. P. 37(b)(2)(A).**

## III. CONCLUSION

Accordingly, after due consideration, it is

**ORDERED**:

Plaintiff's Motion to Compel (Doc. 16) is **GRANTED** as provided in the body of this Order.[2]

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this 26th day of January, 2010.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party

---

[2] The Court is not addressing Defendant Bourbon Street Station, Inc. in the instant Order as Local Rule 2.03(e), M.D. Fla., states that corporations may only appear and be heard through counsel.