UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Broadcast Music, Inc., et al.,

    Plaintiffs,

vs.                                            Case No. 3:09-cv-468-J-25MCR

Bourbon Street Station, Inc., et al.,

    Defendants.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Motion for Sanctions of Default (Doc. 34) filed February 18, 2010.

**I.    BACKGROUND**

On October 14, 2009, Plaintiffs, Broadcast Music Inc., *et al.*, served Defendants, Raif A. Richa and Bourbon Street Station Inc., with its First Request for Production of Documents. When Defendants failed to respond, Plaintiffs filed a Motion to Compel. (Doc. 16). The Court granted Plaintiffs' Motion and ordered Defendant, Raif A. Richa ("Defendant"), to respond to the outstanding discovery requests no later than February 16, 2010.[1] (Doc. 28).

---

[1] This Court's Order granting Plaintiffs' Motion to Compel (Doc. 28) does not address Defendant Bourban Station, Inc., as it failed to obtain counsel as directed by previous order of this Court (Doc. 23). See Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel."); see also Local Rule 2.03(e) ("A corporation may appear and be heard only through counsel admitted to practice in the Court ..."). A Clerk's Default was subsequently entered against Defendant Bourbon Street Station, Inc. for failure to
(continued...)

-1-

When Defendant failed to comply with the Court's Order compelling discovery, Plaintiffs filed the instant Motion for Sanctions of Default (Doc. 34). Defendant's response to Plaintiff's Motion was due March 4, 2010. When Defendant failed to respond by that time, this Court entered an Order directing Defendant to respond no later than March 15, 2010 or "the Court [would] proceed to rule on the Motion as though it were unopposed." (Doc. 36).

Subsequent to this Court's Order directing response, Defendant obtained new counsel which filed a response in opposition to Plaintiffs' Motion on March 15, 2010. (Doc. 37). In his response, Defendant stated he "will work to diligently to identify [outstanding discovery requests] and promptly respond to them" and that the drastic sanction of default is not warranted at this time. (Id.). Accordingly, this matter is now ripe for judicial review.

## II. ANALYSIS

Rule 37(b)(2)(A) sets forth sanctions for violation of a discovery order, including the following:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;

---

[1](...continued)
obtain counsel (Doc. 31).

>    (vi) rendering a default judgment against the disobedient party; or
>    (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A); see also Fed. R. Civ. P. 37(c), (d). "Instead of or in addition to" the sanctions listed in Rule 37(b)(2)(A), "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(c).

The sanctions listed in Rule 37(b)(2) are not mutually exclusive. Courts are not limited to these sanctions and have broad discretion in imposing sanctions under Rule 37. See National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 96 S. Ct. 2778, 49 L. Ed. 2d 747 (1976); Guidry v. Continental Oil Co., 640 F.2d 523, 533 (5th Cir. 1981), cert. denied, 454 U.S. 818, 102 S. Ct. 96, 70 L. Ed. 2d 87 (1982); Dorey v. Dorey, 609 F.2d 1128, 1135 (5th Cir. 1980).[2]

Once the moving party makes a prima facie showing that the other party violated the court's discovery order, the non-moving party must prove that it was impossible to comply in order to avoid sanctions. In re Chase & Sanborn Corp. et al, 872 F.2d 397 (11th Cir. 1989). Here, Defendant violated this Court's discovery Order (Doc. 28) and has failed to demonstrate it was impossible to comply with said Order. The question then becomes what degree of sanctions is appropriate in the instant case? Plaintiff

---

[2] The Eleventh Circuit Court of Appeals adopted as binding precedent all prior decisions of the former Fifth Circuit Court of Appeals issued prior to October 1, 1981. Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

requests this Court enter an Order striking Defendant's Answer and Affirmative Defenses (Doc. 8) and entering a default, as well as awarding Plaintiffs' counsel reasonable attorneys' fees and costs for having to bring the instant motion. (Doc. 34, p. 3). The Court will address each of these requests.

### A. Striking Answer and Entering a Default

Pursuant to the Federal Rule of Civil Procedure 37(b), a party that "fails to obey an order to provide or permit discovery" is subject to a further order imposing sanctions which may include "striking pleadings in whole or in part" or "rendering a default judgment against the disobedient party." In order to impose such extreme sanctions, the Court must find "(1) that the party exhibited a willful or bad faith failure to obey a discovery order; (2) that the moving party was prejudiced by that violation; and (3) that a lesser sanction would fail to punish the violation adequately and would not ensure future compliance with court orders." Inmuno Vital, Inc. v. Telemundo Group, Inc., 203 F.R.D. 561, 571 (S.D. Fla. 2001) (citing, *inter alia*, Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1542 (11th Cir. 1993)).

Here, the Court finds Defendant's failure to participate in discovery and comply with this Court's orders was not an innocent oversight, but rather part of a pattern of willful disobedience of discovery obligations and court orders. See (Docs. 23, 26, 28). As a result of Defendant's willful noncompliance, Plaintiff has suffered prejudice by having been denied the ability to promptly resolve his claims against Defendant. See Fed. R. Civ. P. 1 ("These rules . . . should be construed and administered to secure the just, *speedy*, and inexpensive determination of every action") (emphasis added).

However, in some cases, the speedy resolution of a case may be compromised for the sake of ensuring a just result. Allstate Ins. Co. v. Palterovich, 2008 U.S. Dist. LEXIS 64909, 2008 WL 2741119 (S.D. Fla. July 12, 2008). Here, there is reason for the Court to believe Defendant will modify his behavior and comply with future orders as he has obtained counsel and already responded to Plaintiffs' Interrogatories. See (Doc. 37). Although the Court is disturbed by Defendant's pattern of noncompliance, it does not find that the harsh sanction of striking Defendant's Answer and Affirmative Defenses (Doc. 8) and entering a default is warranted at this time. That being said, the Court reminds Defendant that Plaintiffs and this Court have been generous with their time and patience, but it is not the responsibility of Plaintiffs or this Court to drag Defendant, "kicking and screaming[,] through discovery." Carlucci v. Piper Aircraft Corp., 102 F.R.D. 472, 489 (S.D. Fla. 1984). Because Defendant has not established a date certain in which he will respond to all Plaintiffs' outstanding discovery requests, the Court will impose a deadline of **Tuesday, April 6, 2010** in which Defendant must respond to all outstanding discovery.

### B.     Monetary Sanctions

Pursuant to Federal Rule of Civil Procedure 37, monetary sanctions must be imposed on any party who fails to comply with a discovery order, "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). Defendant has not demonstrated his failure was substantially justified and has not provided this Court with any information that would make the imposition of sanctions unjust. Therefore, the Court finds an award of reasonable

attorneys' fees and costs for having to bring the instant motion is warranted here and shall be tendered to counsel for Plaintiffs' no later than **Tuesday, April 6, 2010.**

III. **CONCLUSION**

Accordingly, after due consideration, it is

**ORDERED:**

Plaintiff's Motion for Sanctions of Default (Doc. 34) is **GRANTED in part and DENIED in part**[3] as provided in the body of this order.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  23rd  day of March, 2010.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party

---

[3] The portion of Plaintiffs' Motion which is denied, is denied *without* prejudice.